STOCKDALE *vs.* THE STATE OF GEORGIA.

32  225
f114 540

If one, in having and carrying about his person, any of the weapons designated by the Act of 19th January, 1852, as "deadly weapons," shall have and carry it in such an open manner that others, with whom he may come in contact, can see and know that it is a pistol, or other weapon, he will not be guilty of a violation of that act, although some part of the weapon may be concealed from view.

Misdemeanor, in Marion Superior Court.   Tried before Judge WORRILL, at the September Term, 1860.

On the 8th day of September, 1858, a bill of indictment was found, and filed, in Marion Superior Court, against John J. Stockdale, for having and carrying about his person, on the 21st day of August, 1858, a concealed pistol, in violation of law.

The defendant having pleaded not guilty, was put to trial, at the September Term, 1860.

On the trial, Morgan Kemp and John Kemp, witnesses for the State, testified : "That about the 28th day of August, 1859, in the county of Marion, they saw the defendant, John J. Stockdale, have a pistol sticking in his breeches waistband, nearly in front, about the suspender button ; that the butt and cock of the pistol could be plainly seen, the barrel being inserted beneath the pantaloons, and that the defendant had on no vest."

The State having rested at this point, the defendant introduced Kilby Moore and James M. Moore, who testified: "That they were present on the occasion testified to by the witnesses for the State; that the pistol which the defendant had, at that time, could be plainly and distinctly seen; that there was no effort to conceal it; that the barrel was inserted beneath the pantaloons in front, whilst his coat was unbuttoned, and he had on no vest at the time; that the cock, cylinder, and caps of the pistol could be plainly and distinctly seen, and any person could know that it was a pistol, without any difficulty."

Here the testimony closed, and the presiding Judge charged

the jury: "That if they believed, from the evidence, that the defendant had a pistol, and did not carry the same in an open manner, and fully exposed to view, that then he was guilty, and it was their duty, in that event, so to find; that the meaning of the statute was, that the defendant had to carry the pistol (if at all) entirely exposed to view; that no matter if the butt and cock of the pistol were exposed, and any one could tell and know that it was a pistol, yet, if any part of it was concealed; if any part of the barrel was stuck down beneath the pants, that it was a violation of law."

Counsel for defendant requested the presiding Judge to charge the jury as follows, to-wit; "That if the defendant carried the pistol, in an open manner, and so plainly and fully exposed to view, that any person could see and know that it was a pistol, that then the defendant was not guilty."

The Judge refused to give the charge so requested, and the jury returned a verdict of guilty against the defendant.

A reversal of the judgment is asked, on the ground that the presiding Judge erred in his charge, and refusal to charge.

BLANDFORD, (represented by Geo. N. Lester), for plaintiff in error.

PEABODY, (Solicitor General), for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The plaintiff in error, Stockdale, was on trial for an alleged violation of the Act of 12th January, 1852, "to prohibit the sale of deadly weapons, and to prescribe the manner of carrying the same," etc., in having and carrying a certain pistol about his person, not in an open manner and fully exposed to view.

Counsel for the accused requested the Court to charge the jury: "That if the defendant carried the pistol in an open manner, and so plainly and fully exposed to view, that any person could see and know that it was a pistol, that then, the defendant was not guilty." The Court refused to give the request in charge, but charged instead, "that the mean-

ing of the statute was, that the defendant had to carry the pistol (if at all) entirely exposed to view; that no matter if the butt and cock of the pistol were exposed, and any one could tell and know that it was a pistol, yet, if any part of it was concealed, if any part of the barrel was stuck down beneath the pants, that it was a violation of law." We think that the refusal of the Court to give the charge requested, and the charge given, was erroneous.

This Court, in Nunn vs. The State, 1 Kelly, 243, in passing upon the Acts of 25th December, 1837, "To guard and protect the citizens of this State against the unwarrantable and too prevalent use of deadly weapons." *Held,*

That, so much of that Act as prohibited the citizen from bearing arms *openly,* was in conflict with the constitution and void; that while the Legislature had the right to prescribe the mode of carrying arms, yet, if in doing so, the manner prescribed amounted to a prohibition, then the act itself was an infringement of the constitutional rights of the people to keep and bear arms. That decision has been constantly adhered to from that time to the present, and must continue to stand as the law of this Court on that subject. Yet, if the charge of the Court below is right, that decision is wrong; for it is impossible for one to have and bear about his person a pistol or weapon of any kind, without having some part of the weapon concealed from view. If one holds it in his hand, some part of it is hidden from the view, yet it is not concealed. So, if the barrel be pushed behind a belt or waistband of the pants, the whole pistol can not be seen by a third person; yet, such person, from the parts of the pistol exposed to view, can see at a glance that it is a pistol. To enforce the law, as the Court construed it to the jury, would be to prohibit the bearing of those arms altogether, and to bring the act within the decision in Nunn's case. This, the Legislature did not intend to do. What the Legislature did intend, was to compel persons who carried those weapons to so wear them about their persons, that others, who might come in contact with them, might see that they were armed, and dangerous persons, who were to be avoided

in consequence. Hence, we think the Court should have given the jury the charge requested by counsel for accused; that, in our opinion, being the true interpretation of the act under which defendant was indicted.

Judgment reversed.