JOHN KILLET, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On the trial of an indictment for carrying weapons in violation of law, the Judge charged the jury, "that if the defendant carried the pistol, with only the butt exposed to view, and the barrel concealed, this was not carrying it in an open manner and fully exposed to view, and they would be authorized to find him guilty:" *Held,* That this charge was erroneous. The charge should have been, "that if the defendant carried the pistol, so exposed to view, that it could readily be seen and recognized as a pistol, by one having his person in view, he carried it, in legal contemplation, in an open manner, and fully exposed to view; but if it were so far concealed, though partially exposed, that it could not be readily seen and recognized as a pistol, it was carried in a manner forbidden by the statute, and the defendant was guilty."

Indictment for misdemeanor, in Chattooga Superior Court. Tried before Judge DAWSON A. WALKER, at September Term, 1860.

Killet *vs.* The State of Georgia.

John Killet was indicted for carrying a pistol, in violation of the statute of this State against carrying weapons concealed.

The testimony adduced on the trial showed that on the 26th day of December, 1859, and during Christmas holidays, the defendant with quite a number of other persons, were assembled at the house of a Mr. McCollum, in Chattooga county, and that the defendant had a single-barreled pistol, which he was frequently shooting—that all the persons present seemed to know that he had the pistol, and could generally see it entire, when they looked at defendant—that once, during the day, a witness saw him have the pistol at his side, under the waistband of his pantaloons, with the butt sticking out and the barrel concealed.

After the testimony had closed, the presiding Judge charged the jury, that "if the defendant carried the pistol in his pocket, with only the butt exposed to view, while the barrel was concealed, this would not be carrying it in an open manner, and fully exposed to view, and under this state of facts you would be authorized to find the defendant guilty."

The jury found the defendant guilty.

Counsel for defendant then moved for a new trial, on the grounds—

1st. That the verdict was not sustained by the evidence, contrary to the evidence, without sufficient evidence, and contrary to law.

2d. That the verdict was contrary to the charge of the Court.

3d. That the charge of the Court (as herein before set forth,) was contrary to law.

The presiding Judge overruled the motion, and refused to grant the new trial, and the writ of error in this case is brought to reverse that judgment.

JOSEPH GLENN and J. A. GLENN, for plaintiff in error.

J. A. W. JOHNSON, (Solicitor General,) for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

The question upon which this case turns, as stated in the second exception, was decided after careful consideration at our recent sitting in Macon.

The statute under which this indictment was framed, like all other statutes, .must receive a reasonable construction. We are not satisfied with the construction given to it in the charge of the Court below, and have embodied our own in the judgment of reversal.

Judgment reversed.