## Johnson v. The State.

1. An allegation in the indictment that the instrument used in committing the homicide was a Winchester rifle, is supported by evidence that it was called a Winchester rifle, there being no testimony tending to show that it was not such.
2. Evidence that, immediately after the homicidal act, the accused started off, and a bystander said, "Call the police!" whereupon the accused snapped the rifle at her, but it did not fire, was admissible as a part of the res gestæ. Revel v. State, 26 Ga. 275.
3. The evidence warranted the verdict, and there was no error in refusing a new trial.                    Judgment affirmed.
   December 28, 1891.

Criminal law.    Murder.    Evidence.    Verdict.    Before Judge HUTCHINS.    Clarke superior court.    April adjourned term, 1891.

Johnson was indicted for the murder of one Webb, and it was charged in the indictment that the killing was done with a Winchester rifle.    He was found guilty, and moved for a new trial.    His motion was overruled, and he excepted.    In addition to the general grounds that the verdict was contrary to law, evidence, etc., it was insisted in the motion that the evidence failed to show that the deceased was shot with a Winchester rifle as alleged in the bill of indictment; and that the court erred in not repelling the testimony of one Maddox that "William Johnson, the defendant, started off, and this girl Julia said, 'Call the police!' and he snapped the rifle on her but it did not fire," this testimony relating to the conduct of defendant after the shooting, and being objected to by defendant as irrelevant.

The evidence for the State tended to show that the killing was an unprovoked murder.    As to the character of the weapon used by defendant, a witness testified that defendant shot deceased with a Winchester rifle; that the gun defendant shot with was a shot-gun which had been roughly handled; that the witness saw it but did not examine it; that the witness did not know what kind of gun it was, but they called it a Winchester rifle. Maddox testified that when Johnson shot deceased he started off, and this girl Julia said, "Call the police!" and he snapped the rifle on her, etc., and that before the shooting defendant was standing over deceased with his rifle.    The girl Julia testified that defendant was standing over deceased with his gun; that defendant left right after the shooting, and as he went threw his gun up on his arm, and she thought he was going to shoot again and said they ought to have the police, and defendant threw up his gun at her.    The killing occurred

about the last of April.    The sheriff arrested the defend-
ant in South Carolina between the 1st and 5th of May.
Defendant had a Winchester rifle when arrested, but the
sheriff did not know what gun defendant did the shoot-
ing with.

MCCURRY & PROFFITT, by brief, for plaintiff in error.

W. A. LITTLE, attorney-general, and R. B. RUSSELL,
solicitor-general, *contra*.