## STRIPLING *v*. THE STATE.

1. On the trial of one charged with carrying a concealed weapon it was error to instruct the jury as follows : " I charge you, gentlemen of the jury, that a pistol must be carried in such an open manner and so fully exposed to view that a person meeting the one with the weapon would readily see and know that he had a pistol about his person."
(*a*) One meeting another may not see a pistol which the other carries, although fully exposed to view in the manner in which it is carried.
(*b*) It is the manner in which the weapon is carried, and not the fact that one meeting him does not see it, which determines the guilt of the accused.
2. The evidence of a witness that the defendant had a pistol in his pocket, that he did not see it, but saw the shape of it, is not sufficient to authorize a conviction.

3. Nor, in such a trial, can a conviction be lawfully had upon the evidence of witnesses who testify in effect that they saw in the pocket of the accused enough of the weapon exposed to enable them to perceive that it was a pistol.

Argued January 20, — Decided February 4, 1902.

Indictment for carrying concealed weapon.  Before Judge Felton.  Houston superior court.  November 29, 1901.

*C. E. Brunson*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

LITTLE, J.  Stripling was indicted for the offense of carrying about his person a pistol concealed and not fully exposed to view. One witness testified that he had seen the defendant on a named day and at a certain place with a pistol in his right hip-pocket. Defendant had on his coat and he did not see him draw the pistol out — in fact he did not see the pistol at all, but he knew it was a pistol because he saw the shape of it. Witness further testified that the state of his feelings towards the defendant was not friendly. Another witness testified that on a particular day in April and May, 1901, at a particular place, he saw defendant with a pistol in his hip-pocket.  Once he was in a road-cart, and on another occasion was standing.  Defendant's coat was off both times, and witness could see that he had a pistol; a part of the handle was exposed and could be seen when one walked behind the defendant.  Still another witness testified that he had, several times within the last two years, seen defendant with a pistol in his hip-pocket; that on these occasions there was only a small portion of the handle exposed. The defendant was convicted, and moved for a new trial.  Besides the grounds that the verdict was contrary to law and without evidence to support it, he complained of the following charge given by the court to the jury on the trial: "I charge you, gentlemen of the jury, that a pistol must be carried in such an open manner and so fully exposed to view that a person meeting the one with the weapon would readily see and know that he had a pistol about his person." We think this charge was error.  Webster defines "meet" to mean "to come upon or against, front to front, as distinguished from contact by following and overtaking," and we think this the ordinary and popular meaning of the word.  We are confident that the trial judge did not, in using the word "meeting" in the above extract, mean that it should be accepted by the jury in the sense of the

above definition, but that what he did mean was "coming in contact." . The word "meeting" frequently conveys the particular idea above indicated — that of coming together from opposite directions, and when so taken the charge would be erroneous. We can not approve it, notwithstanding the offense with which this man was charged is one which the courts should use every legitimate effort to suppress. In the case of *Stockdale* v. *State*, 32 *Ga.* 225, it was ruled by this court that if one in having and carrying about his person any of the weapons designated as deadly weapons shall have and carry it in such an open manner that those with whom he may come in contact can see and know it is a pistol or other weapon, he will not be guilty of a violation of the law, although some part of the weapon may be concealed from view. Evidently if a man had a pistol fastened to a belt and it was fully exposed at his back, he could not be legally convicted on the testimony of one who came in front of him and did not see the pistol. The law on this particular question was, as we think, announced by Judge Lyon in delivering the opinion in the above-cited case; that is, the legislature intended to compel persons who carried such weapons to so wear them about their persons that others who came in contact with them might see that they were armed and dangerous persons, who were to be avoided in consequence. If one carries a weapon of the prohibited class so that it is fully exposed to view on one side, it is fully exposed in the sense of the statute, although one standing or approaching on the opposite side could not see it. In the case of *Killett* v. *State*, 32 *Ga.* 292, this court said that the following charge in relation to the carrying of these weapons would have been correct: "That if the defendant carried the pistol so exposed to view that it could readily be seen and recognized as a pistol by one having his person in view, he carried it, in legal contemplation, in an open manner, and fully exposed to view." Evidently the meaning intended to be expressed, when the view of the person was referred to, was that this view should be either of the whole person or of that portion where the pistol was carried. If we are right in these views, it follows that the charge complained of was wrong.

Again, the evidence in this case, when critically examined, does not authorize a conviction. It is true that one witness said that on a particular day defendant had a pistol in his hip-pocket. He did not see him draw it, and in fact did not see the pistol at all,

as defendant had his coat on; but he says he knew it was a pistol because he saw the shape of it. We are not prepared to say that it can not be established alone by circumstantial evidence that a man carried a pistol concealed on his person; but we are prepared to say that when a witness testifies that he knows a man has a pistol in his pocket from a shape which is defined on his clothing, he testifies to nothing more than his conclusions, and the conclusions of a witness are not evidence, and no verdict can stand which has no better foundation. Evidence as to the facts on which the witness bases his conclusions can properly go to the jury, which may include the fact that the shape of the object which the accused had in his pocket was that of a pistol. This evidence, with other circumstances, may be submitted to enable the jury to determine the fact; but, in the absence of direct evidence, it must rest with the jury to say whether the circumstances are sufficient to show that the accused had and carried about his person a pistol fully exposed to view. The only remaining evidence is that of two other witnesses who testified that defendant had a pistol in his right hip pocket at particular times, in the county where he was tried. But their testimony shows that the pistol was not concealed, because the witnesses testified that they saw a sufficient part of the object to recognize it as a pistol. If they did, it was not concealed in contemplation of the law. We therefore think that the trial judge ought to have granted a new trial in this case, both for the error in the charge pointed out above, and also because the evidence was not sufficient to show that the defendant was guilty beyond a reasonable doubt.

*Judgment reversed. All the Justices concurring.*