### PERRY v. THE STATE.

1. It is not error to refuse to grant a mistrial on account of remarks made by the judge in the presence of the jury, when such remarks are not applicable to the case and can not in any view injuriously affect the rights of the accused.
2. The suspension of the trial of a criminal case to receive the presentments of the grand jury is not cause for a mistrial, when it is not shown how the rights of the accused could have been affected. This is especially true where no objection was made at the time.

Argued December 15, 1902. — Decided January 9, 1903.

Indictment for murder. Before Judge Fite. Whitfield superior court. November 29, 1902.

*George G. Glenn* and *Jesse A. Glenn*, for plaintiff in error.
*John C. Hart, attorney-general,* and *Sam. P. Maddox, solicitor-general,* contra.

SIMMONS, C. J. This case presents but two questions, both arising from special grounds of the motion for new trial. Perry, the plaintiff in error, was convicted of murder, and excepted to the refusal of the trial judge to grant a new trial. The evidence clearly authorized the verdict. Indeed counsel did not contend that this was not so, but relied upon the special grounds just referred to.

1. The first of these grounds is a complaint that the court erred in refusing to grant a mistrial. At the conclusion of the evidence the jurors were, at their request, allowed to retire. During their absence a young man was allowed to enter a plea of guilty to a charge of carrying concealed weapons. Before passing sentence upon him, the court said: "Some one has said that none but cowards, bullies, and foolish boys carry concealed weapons. I don't know how this is, but I think your father-in-law ought to have whipped you for pointing the pistol at him. You are old enough to know better, and I hope you have learned something by experience and will not come before me again on any charge. The case against you for pointing the pistol will be nol prossed." In the meantime the jurors had returned to the court-room and were in a position to hear these remarks of the court. Counsel for Perry excepted to this language of the court, and asked for a mistrial on account of it. The court overruled the motion. The remarks of the court could have had no effect upon Perry's case. Perry, it is true, had shot a man with a pistol, but it did not appear that this pistol had ever been concealed by him. The remarks were not applicable to his case. Even if the jury had not been upright and intelligent men, we can not see how they *could* have applied the court's remarks to the case before them or have acted upon such remarks to Perry's prejudice.

2. The other special ground of the motion for new trial is, that, during the progress of the trial and after the conclusion of the evidence and the argument, the court suspended the trial, sent the jurors to their room, and received the presentments of the grand

jury of the county. This is assigned as error, " for the reason that the court had no lawful right to so suspend the trial for said purpose or for any other purpose." It appears that this was done without the consent of the accused, but it does not appear that he objected or asked for a mistrial on account of it. Further than this, we think the regulation of the court's procedure and order of business are matters largely in the discretion of the judge. His discretion must to a considerable extent control the administration of affairs in his court, and certainly it does not appear to have been abused in the present case. Nor does it appear that Perry's rights were at all prejudiced. The jurors were out of the court-room while the presentments were received, and Perry's rights were not affected.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*