## WILLIAMS v. THE STATE.

1. The charge, when considered as a whole, fairly submitted the issues to the jury. The extracts from the charge upon which error was assigned were not erroneous when considered in the light of the entire charge. If any more elaborate instructions in reference to the defendant's theory of defense, as disclosed by the evidence and his statement, were desired, they should have been made the subject of appropriate written requests.
2. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued March 19,—Decided May 10, 1906.

Indictment for assault with intent to murder. Before Judge Parker. Appling superior court. January 2, 1906.

The accused was placed upon trial on an indictment charging him with the offense of assault with intent to murder, and was convicted. He assigns error upon the refusal of the judge to grant him a new trial. There was evidence tending to establish that the accused boarded a railway train, and when the conductor asked him for his ticket he replied he had none, and the conductor demanded his fare, at the rate of four cents a mile; that the accused said he had not been in the habit of paying at that rate, and he and the conductor had some words before he paid his fare. A woman sitting by the accused during this controversy urged him to pay his fare. He pulled the money out of his pocket and had it in his hand, and the conductor took out the fare, returned him the change, and passed on. The accused counted the money, turned to the woman, and said, "That son of a bitch took four cents a mile out of the money sure enough. You get off at Sessoms, and I'm going to kill that son of a bitch." He pulled out his pistol and put it down in his pocket in a "shooting position." He got up and went down the aisle of the car, followed by the porter, who had overheard his threat, and, when he got within two or three steps of the conductor, he pulled his pistol to shoot the conductor, and the porter caught him, calling to the conductor, "Captain, there is a fellow about to kill you." The conductor and the porter then had a struggle with the accused, during the progress of which the pistol fired, the ball going under a seat of the car. The accused had his hand on the pistol in a "shooting position," but the porter testified that it is possible that the discharge was produced by his pulling the hand of the accused. The porter was attempting to take the pistol away from him. The por-

ter testified that he had him around his arms trying to take the pistol from him, and he was pulling his pistol in a "shooting position," having his hands on the trigger in a "drawing position," that he caught him just as he pulled the pistol from his pocket, and at that point the struggle began. The porter further testified that the accused was about to point the pistol at the conductor when he stopped him, and that he had seen him take the pistol from his right hip-pocket and put it in his right side-pocket. There was evidence for the accused, tending to establish that no attempt at all was made to use the pistol, and that the struggle resulted from the effort of the conductor and the porter to take the pistol from him.

*W. W. Bennett,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

COBB, P. J. (After stating the foregoing facts.) It is complained that the court failed to charge the jury in reference to the law of a simple assault, and also failed to give them a form of verdict appropriate to such an offense. Under the evidence the accused was either guilty of an assault with intent to murder or he was guilty of no offense at all; and this assignment of error is therefore without merit. The judge charged the jury: "Mere preparation to commit a crime, without any purpose to carry out the crime, that is without any undertaking to commit it, of course would not constitute the offense of assault with intent to murder. There must be some act going towards the commission of the offense, coupled with the intent to take the life of the party assaulted." Error is assigned upon this instruction, upon the ground that it failed to inform the jury that there must be a physical effort to commit the crime. We do not think this assignment meritorious. The language of the charge certainly conveyed to the jury the impression that a physical effort was necessary to complete the offense, and there is in the charge nothing to indicate that it was the purpose of the judge to inform them that a mere mental determination to commit a crime would be sufficient to authorize a conviction. There were also other assignments of error upon the instructions of the judge; but if any error at all was committed, the error was not of such a character as to require a reversal of the judgment. It seems to us the charge was full and fair. The evidence authorized the verdict. It appears that there was a quarrel between the conductor and the accused in reference to the fare to

be paid, that as soon as the conductor left him a threat to kill was made, and immediately afterwards the accused approached the conductor with his pistol in such a position that he could carry out his threat, holding it in this position when he arrived within two or three steps of the conductor. This was certainly an assault, and, in the light of the quarrel and the threat immediately following, the intent with which the assault was made could be no other than a purpose to kill. The judge who tried the case is satisfied with the verdict, and we see no reason for reversing his judgment refusing a new trial. *Judgment affirmed. All the Justices concur.*