›PRICE *v.* THE STATE.

RUSSELL, C. J. 1. The evidence authorized the verdict of guilty.

2. The evidence to the introduction of which exception was taken, as to the conduct and sayings of the defendant immediately following the shooting of the deceased and another person, was properly admitted. Evidence of acts and conduct at the scene of the commission of a crime and shortly thereafter is generally admissible, not only as a part of the res gestæ, but for the purpose of characterizing the quo animo with which the deed was perpetrated. *Revel* v. *State*, 26 *Ga.* 275 (4); *Johnson* v. *State*, 88 *Ga.* 203 (2) (14 S. E. 208); *Helms* v. *State*, 138 *Ga.* 826 (76 S. E. 353); *Scrutchens* v. *State*, 146 *Ga.* 189 (2) (91 S. E. 25); *Davis* v. *State*, 11 *Ga. App.* 804 (76 S. E. 391); 2 Wharton's Criminal Evidence, § 923; 1 Michie on Homicide, 670, and cases cited. Upon the trial of one accused of an offense in the perpetration of which malice is an essential ingredient, evidence as to the conduct and sayings of the accused shortly after he made the assault is admissible for the purpose of showing malice. *Davis* v. *State*, supra.

3. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6118. MARCH 14, 1928.

Murder. Before Judge Custer. Grady superior court. June 16, 1927.

---

Criminal Law, 16 C. J. p. 549, n. 82; p. 573, n. 36; p. 575, n. 63.

*Jesse J. Gainey, G. L. Worthy,* and *Joseph Jones,* for plaintiff in error.

*George M. Napier, attorney-general, B. C. Gardner, solicitor-general, T. R. Gress, assistant attorney-general,* and *C. E. Crow,* contra.