18768.  GODBOULT *v*. THE STATE.

DECIDED APRIL 10, 1928.

*J. P. Tomlinson,* for plaintiff in error.

LUKE, J.  The defendant was convicted of a simple assault upon a white girl, whose testimony at the trial was substantially as follows:  At seven or seven-thirty o'clock, early in the morning of November 11, while she was going to her work, she met the defendant, a negro, in front of the picture show in Adel, Ga.  As he came near her, or was passing her, he said:  "Hello, honey, you didn't know I love you, did you?"  At the time this remark was made she was not looking at him (nor did she look at him afterwards), and did not know whether he was looking at her. There was a little negro girl going up the street about two hundred feet ahead of her, near Rogers's drug-store, but the defendant's remarks were made in an ordinary tone of voice, and he could not have been talking to that girl.  Witness did not have to move out of his way, and he did not touch her, or, so far as she knew, try to do so, though she thought he could have touched her if he had tried.  She did not call a white man whom she saw about two hundred feet away in front of Lastinger's Pharmacy.

Defendant stated that he was addressing his remarks solely to a negro girl, and not to the "white lady;" and that he told the officers that he was speaking to Este Baker, but that he got the sisters mixed up and meant Aline Baker.  An officer testified that Este said she had not seen the defendant on the day in question. Aline testified that she saw the lady about ten or twelve feet behind her in front of the picture show; that as the defendant left the sidewalk and was crossing the street he said to her, "Hello, I love you with that white coat on;" and that he did not say anything to the prosecutrix.

"An assault is an attempt to commit a violent injury on the per-

son of another." Penal Code (1910), § 95. "To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with an apparent ability to do so." *Dorsey* v. *State,* 108 *Ga.* 479 (34 S. E. 136), citing *Thomas* v. *State,* 99 *Ga.* 38 (26 S. E. 748). "An assault is an active threat against the body, an offer of violence endangering the person, which the law redresses even. in its initial stage, thus protecting the physical person more completely." *Chapman* v. *W. U. Telegraph Co.,* 88 *Ga.* 768 (15 S. E. 902, 17 L. R. A. 430, 30 Am. St. R. 183) ; *Copeland* v. *Dunehoo,* 36 *Ga. App.* 821 (138 S. E. 269). "In every assault there must be an intent to injure. The test is, was there a present purpose of doing bodily injury? If so, the acts will amount to an assault, otherwise they will not." *Edwards* v. *State,* 4 *Ga. App.* 169 (60 S. E. 1034). See also *Brown* v. *State,* 95 *Ga.* 481 (20 S. E. 495).

In this case there was unquestionably an opportunity to commit a violent injury on the person of the prosecutrix, but the facts entirely fail to show any intention on the part of the defendant to do so. Neither does it appear that he made any attempt to injure the young lady. The evidence, therefore, did not support the verdict, and the court erred in overruling the motion for a new trial.

The special grounds of the motion are without merit, and need no discussion.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*