27826.   HARRISON *v.* THE STATE.

*George W. Willingham*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews*, contra.

MacINTYRE, J. John Harrison was convicted of assault. The testimony of the prosecutrix, Fannie Welch, was in part as follows: "On that night he come up to my house, and I was ironing, and he walked in and asked me where was Bertha, and I told him she was up to her sister's; and he come back and he says, 'She ain't up there;' and I said, 'She might have gone to her mother's;' and he said, 'You do know where Bertha is.' I said I didn't. Bertha is his wife, I reckon, or old lady, or something. He said I did know where she was, and I said I didn't. I said, 'I wish you would get out of here and let me alone about it, because I ain't got nothing to do with it.' He didn't get out. He reached up on the mantelpiece and got the lamp, and when he reached up on the mantelpiece and got the lamp I ran out doors, and he throwed the lamp. . . Just before he grabbed up the lamp he said, if he didn't get out of there what was I going to do? and I said 'Nothing,' and he reached up and got the lamp, and I ran. He throwed it right behind me. He threw it at me. I don't know whether it was lit when he threw it at me, or not, because I didn't look back to see. It was lit when he picked it up. I don't know where it hit, because I was running. I found it where I went out of the door. It was right at the door that I

went out of. . . The door that the lamp hit was the door between the kitchen and the middle room. The clothes was in the middle room. When I came back I found the lamp in the kitchen door, the door I went out of. The lamp was burning then. I went back there after they told me the house was afire. I went back up there then, after I went back up there to see if the clothes were burning, and started to throwing water on them. When I got back there I seen the clothes. They were burning. They had about done burned up."

■ The decisions of the States are in conflict as to whether actual or apparent ability to execute the intent to injure is the test in the charge of assault. In Georgia, "An assault is ·an attempt to commit a violent injury on the person of another." Code, § 26-1401. This court, in *Godboull* v. *State*, 38 *Ga. App.* 137, 138 (142 S. E. 704), quoted from a Supreme Court decision as follows: "To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with an apparent ability to do so." "In *Thomas* v. *State*, 99 *Ga.* 38, 44 (26 S. E. 748), Justice Atkinson, speaking for the court, said that 'there need not be an actual present ability to commit a violent injury upon the person assailed, but if there be such a demonstration of violence, coupled with an apparent ability to inflict the injury, so as to cause the person against whom it is directed reasonably to fear the injury unless he retreat to secure his safety, and under such circumstances he is compelled to retreat to avoid an impending danger, the assault is complete, though the assailant may never have been within actual striking distance of the person assailed.' 'While a mere threat or menace to commit a violent injury upon the person of another is not sufficient to constitute an assault, yet where the threat or menace is accompanied by an apparent attempt to commit such an injury, and its consummation is prevented either by the act [retreat in the instant case] of the person upon whom the assault is threatened or by the interposition of a third person, the violence has commenced and the assault is complete.' *Rutherford* v. *State*, 5 *Ga. App.* 482 (63 S. E. 570)." *Davis* v. *State*, 46 *Ga. App.* 732, 734 (169 S. E. 203). "After· verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the accused must be taken, for every presumption and every infer-

ence is in favor of the verdict." *Vandeviere* v. *State,* 58 *Ga. App.* 18 (197 S. E. 338). The evidence authorized the verdict.

■ The requested charge was based upon the theory of *actual* ability to accomplish the injury, not of the *apparent* ability. The latter being the rule in Georgia, it was not error for the judge to refuse to charge the request.

■ The defendant complains that the judge excluded the following question, and the answer of the prosecutrix, on cross-examination: "Q. Have you ever been afraid of him [the defendant] at any time? A. No, sir, I ain't been afraid." Whereupon the State's counsel interposed the following objection: "I object to whether she had ever been afraid of him before, as irrelevant and immaterial. Whether she was afraid of him at this particular time would be admissible, but some other time would be immaterial and irrelevant." The court excluded the question and the answer. The question was all-inclusive as to time. The defendant's counsel asked her whether she had *ever* been afraid of the defendant at *any time.* Immediately after the court's ruling, the prosecutrix answered: "I reckon if I hadn't run, he would have killed me at that time. I never thought I was going to be killed more than that night," which was unobjected to and remained in evidence. This exception discloses no reversible error.

■ On cross-examination the following occurred: Q. "How much longer was it after this defendant Harrison left the house that you came there? Can you state that?" A. "No, but I will say we answered two calls there. I am talking about those. We have had a lot of trouble with that negro." Mr. Willingham: "I object to that, and renew my motion for a mistrial." The court: "I won't grant a mistrial; but just answer the question, Mr. Witness, and don't go outside of the record. Just tell about this case, and not anything else. I rule out what he said about a lot of trouble." The witness: "Well, we answered a second call there; just which call do you want me to talk about?" It was improper for the witness to state, "We have had a lot of trouble with that negro." Yet, where the court expressed its disapproval, ruled out the evidence, and immediately applied the corrective measure as indicated above, the refusal to declare a mistrial on account of such remark will not require the grant of a new trial. *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439); *Eden* v. *State,* 43 *Ga. App.* 414 (159 S. E. 134).

■ Grounds 4, 5, 6, and 7 deal with the testimony relative to the fire in the room where the State contended the defendant threw the lighted lamp at the prosecutrix, its height, the things burned by it, and the place where they were burned, at the time when the prosecutrix came back to her house a few minutes after she had fled and when the officers had arrived. It might be noted that the defendant's counsel questioned the prosecutrix on cross-examination as to whether the lamp was lighted when the defendant threw it at her as she fled. "Evidence of acts and conduct at the scene of the commission of a crime and shortly thereafter is generally admissible, not only as a part of the res gestæ, but for the purpose of characterizing the quo animo with which the deed was perpetrated." *Price* v. *State,* 166 *Ga.* 120 (142 S. E. 666). We think the evidence was admissible as showing subsequent circumstances that grew out of and were the natural consequences of the throwing of the lighted lamp, which was the act alleged in the indictment as the assault. *Daniel* v. *State,* 59 *Ga. App.* 884 (2 S. E. 2d, 519). The general rule on the subject as to when one crime is not admissible in evidence on the trial of another has been stated by the Court of Appeals of New York, in People *v.* Place, 157 N. Y. 584 (57 N. E. 576) as follows: "It is an elementary principle of law that the commission of one crime is not admissible in evidence upon the trial of another, where its sole purpose is to show that the defendant has been guilty of other crimes, and would, consequently, be more liable to commit the offense charged." The evidence objected to served to explain the transaction; and if perchance, because of the burning, the defendant would have been guilty of arson, this would not have excluded the acts, if they were relevant, merely because the acts introduced in evidence happened to be punishable under the law as a separate crime. That the defendant's acts, which are logically connected with and explain the defendant's criminal acts charged in the indictment, are denominated crimes, does not, merely because they are criminal in their nature, inure to the defendant's benefit by excluding them as evidence if they are otherwise material and relevant; but the true question is whether the acts, even though they be criminal, are such and so connected as to be material and relevant to the issue on trial. *Barnes* v. *State,* 57 *Ga. App.* 183 (194 S. E. 839). On the other hand, the jury are forbidden, although they have evi-

dence of other criminal transactions, to convict him upon "'general principles' as that expression is sometimes used in general parlance." *Green* v. *State,* 172 *Ga.* 635, 640 (158 S. E. 285). See *Crawford* v. *State,* 49 *Ga. App.* 801 (4) (176 S. E. 92).

■ On the hearing of the motion for new trial the defendant's counsel moved that the supersedeas be vacated as of the date of filing. The judge declined to date back the striking of the supersedeas, but did not refuse to strike the supersedeas as of the current date. The judge's refusal to date back the striking of the supersedeas was not error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*