### 19880. COCHRAN v. THE STATE.

WYATT, Presiding Justice. Henry Grady Cochran was convicted of murder without a recommendation to mercy. He filed his motion for new trial on the general grounds, and by amendment added a number of special grounds. The motion for new trial as amended was denied. The exception here is to that judgment. *Held:*

1. The general grounds and special grounds four and twelve all concern the sufficiency of the evidence. Without here setting out the lengthy evidence in this case, it is necessary to say only that there was evidence from which the jury was authorized to find every element of the offense charged. There is no merit in these grounds.

2. Ground six of the motion for new trial contends that the opening and closing argument of counsel for the State contained improper argument. The first time this question was raised was in the amendment to the motion for new trial. "When improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel, during the trial, properly object to such argument or invoke some ruling or instruction with reference thereto by the court. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner* v. *State*, 208 *Ga.* 435 (2) (67 S. E. 2d 221).

3. Special grounds five, seven, and eight all complain of the fail-

ure of the court, upon written request, to charge the law relating to manslaughter. This complaint seems to be based upon the testimony and the statement of the accused to the effect that the accused and the deceased were engaged in an argument, and the deceased said in substance, "If you don't kill me, I will come back and kill you." The deceased, who was sitting in an automobile, then cranked up the car, and started to back away. The car brushed against the accused, who was standing beside the car, and he shot her twice. This testimony and these statements do not show any present intention or any present threats or any present ability to do bodily injury to the defendant such as would mitigate the charge against the accused. It shows without any question that the deceased had broken off the argument and was in the process of leaving the scene when she was shot by the defendant. Under the evidence and the statement of the defendant, it was not error to refuse to charge the law relating to manslaughter.

4. Ground nine contends that the accused is entitled to a new trial because one of the jurors who served upon the jury that convicted the defendant was prejudiced against the accused. In support of this ground, there is in the record an affidavit to the effect that, after the trial was over, this juror made a statement to the effect that the accused had killed a man in Texas and had gotten away with it. It is alleged in the ground that this statement was false. The juror in question made a counter-affidavit to the effect that he did not hear this report about the defendant until after the trial had been completed and the defendant had been convicted. The trial judge could believe the affidavit of the juror, and, under this affidavit, no harm to the accused is shown because the prejudice, if any, was not in existence at the time of the trial. There is no merit in this contention.

5. Ground ten complains of certain language of the court during the trial. Counsel for the defendant was cross-examining a witness for the State when the following occurred: "Q. (Mr. Mitchell) When I asked you a moment ago what else was said, why did you eliminate that?" (The testimony referred to as having been eliminated being: "She said she was going. She wasn't going to argue with him and she geared up.") "A. I told you what she said." "Q. You didn't mention before that she said—I am not going to argue with you. Why didn't

you tell me that before? Did you conveniently forget that, Sir?" At this point the court interfered without any objection having been made and stated: "The Court. No, no, don't use that kind of language." It is contended that this unduly restricted the right of cross-examination and amounted to a reprimand of counsel, and was highly prejudicial and an attempt to influence the jury. Whether or not this occurrence was error, the first time any objection was made to this language was in the amended motion for new trial. Under such circumstances, this assignment of error can not be considered. Under many decisions of this court, it is the duty of the defendant's counsel to make objection or move for a mistrial or other appropriate action at the time of the occurrence. *Callahan* v. *State,* 209 *Ga.* 211 (71 S. E. 2d 86).

6. Ground thirteen contends that it was error to deny a motion for mistrial made by the defendant. The basis of this motion was the fact that, when court reconvened on November 7 after a recess overnight, before the trial of the instant case was resumed and out of the presence of the jury, the judge called the calendar of criminal cases set for trial on that day, and received reports as to the status of said cases. When this had been completed and the jury in the instant case returned to the courtroom, counsel for the defendant asked to have them removed again, which was done. He then moved for a mistrial upon the ground that this procedure had denied to the defendant a speedy trial without interruption, and that the court transacted other business without legal permission of the defendant. Under the ruling in *Perry* v. *State,* 116 *Ga.* 850 (43 S. E. 253), there is no merit in this contention.

7. Ground fifteen contends that the trial judge, after telling the jury that he would not give them in charge the law relating to manslaughter, did in a later portion of his charge give a charge on manslaughter. There is no merit in this contention. Nowhere in the charge is any instruction on manslaughter given. While the judge might have in a portion of his charge— in which he instructed the jury that mere threats, menaces, and contemptuous gestures should in no case free the person killing from the offense of murder—used language contained in the Code section defining manslaughter, he did not define manslaughter to the jury, but simply instructed them as to the offense charged. The charge given was correct, and was adjusted to the evidence.

8. Special grounds eleven and fourteen are specifically abandoned.
9. From what has been said above, there is no merit in any of the grounds of the motion for new trial, and it was therefore not error to deny the motion.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*George Mitchell, Dan C. Mitchell,* for plaintiff in error.
*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.