## 47892. REEVES v. THE STATE.

CLARK, Judge. Accused was found guilty on three charges, one being for a felony, aggravated assault with intent to rob, and the other two being misdemeanor offenses, carrying a pistol without a license and carrying a concealed weapon. This appeal from the denial of a new trial motion is limited to the general grounds.

The State's principal witness was a taxicab driver who transported defendant as a passenger to the Atlanta Airport in the early morning hours of April 27, 1972. While en route the driver became apprehensive by reason of his fare's attitude. Hoping to attract attention from police he testified he not only drove at a speed of 90 to 100 miles per hour but drove on curbs. When the taxi reached the Atlanta Airport the felony offense occurred which the driver's testimony vividly described in these words: "I felt safe then. I thought he wasn't going to do nothing with the other cabs here. So when I got there he said, 'Hey you, hey you.' I said, 'Yes, sir.' He said, 'Look.' And I turned and I looked over like that and he laid the .38 in my face and cocked the hammer back. He said, 'Take the next damn exit out of here. You better not stop and you better not say nothing.' He said, 'If your do I am going to kill you,' and he said, 'Give me that money.' I looked in my pocket and I found three dollars. I said, 'I don't have but three dollars.' He said, 'Put the money down.' I put the money down. He said, 'Put both hands on the steering wheel.' He said, 'You better not stop, better not say nothing.' " (T. 7). The driver disregarded this mandate when he saw a policeman signal for the taxicab to stop at a cross walk. Thereupon he jumped from his vehicle and grabbing the officer, screamed "He has got a gun and he is going to kill me." (T. 8). The fact of the witness being genuinely frightened was confirmed as shown by

this incident: upon being questioned by two other policemen he replied to their query as to his name that "I was so frightened I didn't know my name at that time." (T. 8).

A police search of the appellant resulted in finding a .38 revolver in defendant's coat pocket. The defense consisted of the unsworn statement of the appellant who claimed he had found the pistol while picking up garbage in DeKalb County and that he had not undertaken a holdup. He stated "I never had any intention to rob him but I wanted to sell that gun because I didn't have a permit to carry it." (T. 32). He expressly denied the version presented by the taxicab driver.

1. The evidence of the state together with the admissions made by the defendant in his unsworn statement is sufficient to uphold the conviction on the misdemeanors in that he had a revolver without a license and that it was concealed. Code Ann. §§ 26-2903 and 26-2901.

2. "A person commits aggravated assault when he assaults (a) with intent . . . to rob, or (b) with a deadly weapon." Code Ann. § 26-1302. The jury had the right to accept as true the testimony of the witnesses for the state with reference to the facts constituting this felony in preference to the denial of any robbery intention as expressed by defendant in his unsworn statement. *Rose v. State,* 55 Ga. App. 699 (191 SE 200). Our court said in *Harrison v. State,* 60 Ga. App. 610, 612 (4 SE2d 602) that "In Georgia, 'An assault is an attempt to commit a violent injury on the person of another.' Code § 26-1401 [superseded by Code Ann. § 26-1301]. This court, in *Godboult v. State,* 38 Ga. App. 137, 138 (142 SE 704), quoted from a Supreme Court decision as follows: 'To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with an

apparent ability to do so.' In *Thomas v. State,* 99 Ga. 38, 44 (26 SE 748), Justice Atkinson, speaking for the court, said that 'there need not be an actual present ability to commit a violent injury upon the person assailed, but if there be such a demonstration of violence, coupled with an apparent ability to inflict the injury, so as to cause the person against whom it is directed reasonably to fear the injury unless he retreat to secure his safety, and under such circumstances he is compelled to retreat to avoid an impending danger, the assault is complete, though the assailant may never have been within actual striking distance of the person assailed.' "

For an analogous case involving a common carrier where there was no actual violence, but a quarrel between a passenger and a railroad conductor followed by the passenger pointing a pistol at his antagonist, the Supreme Court in *Williams v. State,* 125 Ga. 235 (54 SE 186) ruled the facts to constitute an assault.

The evidence in the case sub judice therefore authorized the jury to find every element constituting the felony of aggravated assault with intent to rob had been proven. *Cochran v. State,* 213 Ga. 706 (100 SE2d 919).

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Quillian and Stolz, JJ., concur. Deen and Evans, JJ., dissent.*

SUBMITTED FEBRUARY 7, 1973 — DECIDED APRIL 9, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode, James H. Mobley, Jr.,* for appellee.

DEEN, Judge, dissenting. I would enthusiastically concur with the majority opinion in this case as it sets out the correct principles of law applicable to cases involving greater and lesser offenses, were it not for the fact that

the majority opinion is in direct conflict with the two recent whole court cases of *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189) and *Sturgis v. State,* 128 Ga. App. 85 (195 SE2d 682). Also compare *Thomas v. State,* 128 Ga. App. 538.

This court is not applying the principles of the merger of lesser includable crimes uniformly. In narcotic cases such as *Burns* and *Sturgis,* supra, this court has forgiven and eliminated conviction and punishment of the lesser crime of illegal possession of narcotics. In non-narcotic cases such as this case and *Thomas,* supra, this court has not forgiven and eliminated conviction and punishment of the lesser crime of illegal possession (of the pistol in this particular case). This court in *Thomas,* supra, and in this case, has not cited or attempted to distinguish in any way the two important whole court cases above referred to. All three majority opinions are silent as to this point.

In my opinion the results in *Burns* and *Sturgis,* supra, constitute a judicial usurpation of a legislative pre-rogative. However, the majority opinion in this case should endeavor to distinguish those cases from this case.

The two lesser crimes of illegal possession of a pistol, that is carrying it without a license and carrying it concealed, merge and are lesser includable crimes with the greater crime of aggravated assault with intent to rob while possessing the same pistol, and therefore the conviction of the two lesser crimes under the authority of *Burns* and *Sturgis,* supra, should be reversed, as this constitutes double jeopardy.

I respectfully dissent.

EVANS, Judge, concurring in part and dissenting in part. I concur in the majority's opinion which affirms the conviction for aggravated assault and carrying a pistol without a license, but I dissent from that part of the opinion which affirms the conviction for carrying a concealed weapon (pistol). No witness testified that the pistol was concealed. No witness testified that he had a

good opportunity to see the defendant, and was not able to see the pistol. One policeman, testifying for the state, swore that after the arrest, he saw the defendant with an object *in his hand* which looked like a pistol, and he saw defendant place the object in his pocket. The other policeman, on whose testimony the majority's opinion must be premised, testified that he "searched" defendant after arrest and found a pistol in his pocket. Obviously this was the same pistol the first policeman had seen in defendant's hands, and which he saw when it was placed in defendant's pocket, as only one pistol was found. But this witness did not testify that the pistol was concealed, or that he was not fully aware of its presence before he made the search. It seems that he was making a routine search of an arrested prisoner, as all good officers will do, to determine exactly what he had on his person, weapons or otherwise. For aught that appears here, the butt of the pistol, or the barrel, may have been fully exposed to his view. Or it may be that the pistol was of such bulk, being a rather large weapon of .38 caliber, that it was outlined or imprinted so as to be clearly recognizable as a pistol in his pocket, or he may have seen him put the pistol in his pocket as did the first policeman.

The state's burden was to prove beyond a reasonable doubt that defendant carried the pistol concealed, and this it did not do. Compare *Stockdale v. State,* 32 Ga. 225; *Killet v. State,* 32 Ga. 292; *Stripling v. State,* 114 Ga. 538 (40 SE 733).

I therefore dissent and would reverse the trial court as to the conviction for carrying a concealed weapon.