### 1546. RUTHERFORD *v.* THE STATE.

HILL, C. J. 1. While a mere threat or menace to commit a violent injury upon the person of another is not sufficient to constitute an assault, yet where the threat or menace is accompanied by an apparent attempt to commit such an injury, and its consummation is prevented, either by the act of the person upon whom the assault is threatened or by the interposition of a third person, the violence has commenced and the assault is complete.

2. The evidence in this case is sufficient to authorize the finding of the jury that the defendant apparently intended a present assault upon the person of the prosecutor, and that he was only prevented from immediately carrying out such intention by the counter-menace, of the prosecutor and by the interference of a third party. *Thomas* v. *State,* 99 *Ga.* 38 (26 S. E. 748), and citations.    *Judgment affirmed.*

Certiorari, from Ben Hill superior court—Judge Whipple. October 20, 1908.

Submitted January 14,—Decided January 27, 1909.

The plaintiff in error was convicted of an assault. He excepts to the overruling of his petition for certiorari, which was based on the ground that there was no evidence to support the verdict, and upon an additional ground not verified. The evidence for the prosecution, briefly stated, is as follows: The prosecutor testified: "I met the defendant on Pine street in Fitzgerald. When I met him he had a brick in his hand and immediately began cursing me. He said, 'You God damn bastard, what did you beat and choke me for on the street a while ago, you and that crowd?' I

was, of course, surprised at that sort of conduct, and told him I did not do it. No one was right there except the defendant and myself, and there was no object between us that would have prevented him from hitting me with the brick. We were within a few feet of each other. As he cursed me he drew back the brick in his hand as if he intended to strike me with it. Just at that time I thrust my hand in my hip-pocket, and told him I would shoot. I did not have any pistol, but did that for the purpose of making him believe I had one, and thus prevented him from striking me with the brick. When I did this he let his hand down and did not throw the brick. We talked for a minute or two, and I kept telling him that I did not beat him and was not in the crowd that he claimed beat him, and he commenced cursing me again. I reckon by that time he concluded I did not have any pistol, and he drew back his hand in which he held the brick, just as if he meant to strike me. Just at that time some one across the street hollered at him, or I reckon they hollered at him; they sounded like they did. He looked around, and I moved off and got out of the way."

E. Wall, for plaintiff in error.

A. J. McDonald, solicitor, Walter F. George, contra.