## 61434. JOHNSON v. THE STATE.

BIRDSONG, Judge.

Simple assault. Grady Johnson was convicted of simple assault and fined $100. Accepting the facts most favorable to the verdict, we find the trial court was authorized to conclude that Johnson was at the entrance to a private road leading to a Georgia-Pacific industrial plant. Johnson was one of several strikers picketing the plant. The alleged victim, the personnel manager of the local plant, was bringing three "strike breakers" in his personal auto through the picket lines. The evidence shows that the auto slowed at the intersection of a county road and the private road, turned into the private road and proceeded slowly among the pickets. The picketing employees were approximately 15 to 20 feet from the auto. As the auto proceeded slowly among the pickets, Johnson allegedly walked toward the auto and reached a point approximately five feet from the auto. There is no evidence that he made any attempt to come closer or made any overtly threatening gesture with any observable weapon. None of the three passengers observed anything out of the ordinary other than some pickets on the side of the road. While standing about five feet

from the car while the car was still moving forward, Johnson raised his hand and pointed or shook his finger at the victim and said "We are going to get you." Nothing more was said or done and the vehicle drove on to the plant. No evidence was offered that the victim felt endangered at the moment or that he fled to avoid any danger or that Johnson was ever in a position to inflict any injury at that moment. Johnson brings this appeal enumerating several errors, of which only one needs any discussion. *Held:*

Johnson urges that the acts which the state alleged, and, arguendo, proved to have occurred do not constitute a cognizable crime. We agree. The court erred in failing to dismiss the charge and thereafter failing to enter a judgment of acquittal. The evidence at most showed nothing more than a threat to commit some undefined act, perhaps of violence, in the future. Johnson stood outside a moving auto, pointed his finger at the car and communicated mere words; even if those acts are assumed to be threatening, this does not constitute simple assault.

The offense of simple assault as set forth in Code Ann. § 26-1301 is complete if there is a demonstration of violence, coupled with an apparent *present* ability to inflict injury so as to cause the person against whom it is directed *reasonably* to fear that he will receive an *immediate* violent injury unless he retreats to secure his safety. The evidence in this case fails in several particulars. There is a complete absence of evidence to establish that Johnson had the present ability to inflict a violent injury. He had no weapon and never was within arm length of the moving vehicle. There is a complete failure to show that the "victim" had any fear of an immediate injury or that Johnson's act or words would cause a reasonable person to fear immediate injury. *Hise v. State,* 127 Ga. App. 511 (194 SE2d 274). Even assuming a threat to commit a violent injury upon the person of the victim, without more this is not sufficient to constitute an assault. *Harrison v. State,* 60 Ga. App. 610 (4 SE2d 602). Even if the victim was apprehensive that at sometime in the future Johnson would carry out the threat, the only reasonable reading of the evidence shows this was not the apprehension of immediate violent injury but rather a future injury. Under the facts of this case, even accepting conclusively that the acts alleged by the state were fully established to the trial court, the same do not authorize a judgment of guilt on the charge of simple assault. *Hudson v. State,* 135 Ga. App. 739, 741 (218 SE2d 905). The trial court erred in not dismissing the charge at the end of the state's evidence.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

Decided May 1, 1981.

*W. Jason Uchitel,* for appellant.
*Joseph H. Briley, District Attorney, Craig M. Childs, Assistant District Attorney,* for appellee.