### 61508. HURT et al. v. THE STATE.

McMURRAY, Presiding Judge.

Defendants were convicted of the offense of aggravated assault with a deadly weapon upon the person of another. They appealed, raising four enumerations of error, all of which are directed at the

sufficiency of the evidence presented at the trial. *Held:*

The state's evidence shows that the defendants (two brothers) were involved in an altercation at a "club." The victim mediated an argument between one of the defendant brothers and another person (Johnny Jackson). The victim then left and returned to his mother's home. About 30 minutes later the defendant brothers were at the back door of his mother's home. Defendant Joseph Hurt, who was carrying a shotgun, knocked on the door and when the knock was answered he asked for Johnny Jackson. He was told that Jackson had not been there that night. The victim then stated to this defendant: "You don't see his car out there, do you?" This angered defendant Joseph Hurt who then "through [sic] up the shotgun . . . and told . . . [the victim] . . . to come out." The victim then stated: "I ain't coming out there with no shotgun. I ain't that crazy." During this time defendant Henry Lee Hurt was standing nearby leaning against the residence's gas tank, apparently unarmed. The victim then closed the door after refusing to get involved. Immediately thereafter someone fired a shotgun into the front of the house since it was hit with shotgun pellets. An empty shotgun shell was later found in the front yard as well as a live shell. Neither the victim nor any other occupant of the house received an injury from the shotgun.

"Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon." *Scott v. State,* 141 Ga. App. 848, 849 (1) (234 SE2d 685). "A person commits simple assault when he . . . commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301 (Ga. L. 1968, pp. 1249, 1280). As to the firing of the shotgun into the front of the house, this does not appear to be an attack upon the victim set forth in the indictment although it could logically be said to be aggravated by the refusal of the victim to get involved and to seek safety in the dwelling inasmuch as the victim was in the rear of the house and not the front. Nevertheless, it may be reasonably inferred that the shot was with the intention of either frightening the victim or to injure him even if he was last seen in the rear of the dwelling. See *Smallwood v. State,* 9 Ga. App. 300 (70 SE 1124). Compare *Norrell v. State,* 116 Ga. App. 479 (157 SE2d 784), and cases cited at page 484. Whether or not it involves some other crime we are not required to determine here. However, proof that the victim has been placed in apprehension of immediately receiving a violent injury need not necessarily be solely by reason of the victim's testimony of his mental state but may be inferred from the conduct of the victim such as when he retreats to secure his safety. See *Leach v. State,* 143 Ga. App. 598, 600 (239 SE2d 177). Compare *Hudson v. State,* 135 Ga. App. 739, 741 (1) (218 SE2d 905).

The jury was authorized to determine from the above that defendant Joseph Hurt's taunting use of the shotgun at the back door was sufficient to place the victim in reasonable apprehension of immediately receiving a violent injury and caused him to seek sanctuary or safety in the dwelling. Hence, there was a simple assault committed by means of a deadly weapon, that is, the placing of the victim in reasonable apprehension of immediately receiving a violent injury.

After a careful review of the entire record and transcript we find and so hold that the evidence adduced at trial was sufficient for a rational trier of fact (the jury in the case sub judice) to reasonably have found the defendant Joseph Hurt guilty of the offense of aggravated assault beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

However, as to the defendant Henry Lee Hurt, who was merely present under the circumstances leaning against the residence's gas tank and apparently unarmed, the evidence is therefore insufficient to support this defendant's conviction and does not exclude every reasonable hypothesis except the guilt of the defendant Henry Lee Hurt of the offense of aggravated assault beyond a reasonable doubt.

*Judgment affirmed as to Joseph Hurt; reversed as to Henry Lee Hurt. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 2, 1981.

*Denmark Groover, Jr.,* for appellants.
*Joseph H. Briley, District Attorney, Craig Childs, Assistant District Attorney,* for appellee.