65935. WORLEY v. THE STATE.

POPE, Judge.

George Michael Worley brings this appeal from his conviction of violating the Georgia Controlled Substances Act. *Held:*

1. Defendant's first enumeration of error has no merit. The sanction for an unconstitutional arrest is not suppression of the prosecution. *Lackey v. State,* 246 Ga. 331 (2) (271 SE2d 478) (1980). Thus, assuming arguendo that defendant was arrested under an invalid arrest warrant, this circumstance alone " 'has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. . . .' " Id. at 333.

2. Defendant's remaining enumeration asserts as error the denial of his motion to suppress his written confession on the ground that it was not voluntarily given. He argues that the confession was induced by the arresting officer's promise that "any cooperation he would give us would cause us to cooperate with him." The officer

explained that his comments to the defendant in this regard were directed toward obtaining information regarding the source of the subject illegal drugs or regarding other individuals who might be involved in illegal drugs. The purpose of this comment was to elicit defendant's assistance by having him become a police informant in other cases, such assistance to be duly reported to the court handling defendant's case. Defendant was subsequently given a telephone number to call in order to provide police with information or in case he needed police assistance. On cross-examination defendant testified that the officers wanted him to take them to the source of the drugs; he refused. He never gave them any assistance, and they in turn never assisted him. It is clear from this evidence both defendant and the police understood that the offer of police "cooperation" did not refer to defendant's giving a statement or confession to the police in the case at bar. Accord, *Murray v. State,* 29 Ga. App. 207, 209 (114 SE 907) (1922); see also *Stephens v. State,* 164 Ga. App. 398 (3) (297 SE2d 90) (1982).

Defendant also argues that the confession was not voluntary because he was "afraid" and "in a state of shock" at the time he wrote it. Defendant's anxiety was purportedly caused by his arrest by two police officers with guns wherein he was handcuffed and taken to jail wearing only some shorts. The state, however, produced testimony which established a prima facie showing of voluntariness of the confession. See generally *Harrington v. State,* 139 Ga. App. 428 (228 SE2d 591) (1976); *Lemon v. State,* 80 Ga. App. 854, 857 (57 SE2d 626) (1950). The trial court was entitled to believe the state's evidence rather than the defendant's ( *Davis v. State,* 153 Ga. App. 847 (1) (267 SE2d 263) (1980)), and, since it was based upon evidence of record, the court's finding of voluntariness was not clearly erroneous. See *Rogers v. State,* 142 Ga. App. 387 (2) (236 SE2d 134) (1977); *Trask v. State,* 132 Ga. App. 645 (7) (208 SE2d 591) (1974).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 2, 1983.

*Charles L. Jurjevich,* for appellant.
*Robert E. Wilson, District Attorney, R. Stephen Roberts, Robert E. Statham III, Assistant District Attorneys,* for appellee.