69344. HAMBY et al. v. THE STATE.
(328 SE2d 224)

SOGNIER, Judge.

Gregory Hamby, Jessie Nichols, Tommy Rhoten and Lewis Snow were convicted of using abusive and obscene language, and simple assault. They appeal their convictions of both charges.

1. Appellants contend the trial court erred by denying their pleas in bar of trial, based on a contention they were arrested illegally. This contention is without merit. Assuming, without deciding, that appellants' arrest was illegal, the United States Supreme Court has held that an illegal arrest, without more, is not a bar to a subsequent prosecution, nor a defense to a valid conviction. *United States v. Crews*, 445 U. S. 463, 474 (100 SC 1244, 63 LE2d 537) (1980). See also *Lackey v. State*, 246 Ga. 331, 333 (2) (271 SE2d 478) (1980); *Worley v. State*, 166 Ga. App. 794 (1) (305 SE2d 485) (1983).

2. Appellants contend error in denial of their motions for a di-

rected verdict of acquittal on the charge of simple assault. The evidence disclosed that appellants stopped at a service station to get gas for two of the motorcycles they were riding. They "propositioned" four girls in extremely obscene language. Jackie Troville, the attendant on duty, could hear appellants' conversation over the intercom and after appellants paid for their gas she asked appellants to leave, as they were disturbing other customers and preventing them from getting gas. Appellants did not leave and Troville called the sheriff's office. Appellants observed this and called Troville an obscene name; after telling Troville they would be back and get her for calling the law, they departed. None of the four appellants entered the store where Troville was working, and the gas pumps where appellants were standing when they called Troville an obscene name and threatened to come back and get her were approximately 70 feet from where Troville was working.

OCGA § 16-5-20 provides that a person commits the offense of simple assault when he attempts to commit a violent injury to another person or commits an act which places another in reasonable apprehension of immediately receiving a violent injury. The evidence presented at trial does not fall within this definition. Appellants made no attempt to commit a violent injury to Troville; in fact, she testified that appellants took no steps to make her believe they were going to come in (the store) and get her. In *Riddle v. State*, 145 Ga. App. 328, 331 (2) (243 SE2d 607) (1978), we held that since assault is an attempted battery, there must be a "substantial step" toward committing a battery before there can be an assault. See also *Bissell v. State*, 153 Ga. App. 564 (1) (266 SE2d 238) (1980). A threat to commit a violent injury upon the person of the victim, without more, is not sufficient to constitute an assault. *Johnson v. State*, 158 Ga. App. 432, 433 (280 SE2d 856) (1981). We find no present ability to inflict an *immediate* injury on the victims. Appellants were at least 70 feet from the "victim," who was inside a store, and took no steps to enter the store in an attempt to injure her. Thus, the offense of assault was not committed as a matter of law, and it was error to deny appellants' motions for a directed verdict of acquittal of simple assault. *Johnson*, supra; OCGA § 17-9-1 (a).

3. Appellant Rhoten contends the trial court erred by denying his motion for a directed verdict of acquittal of the charge of using abusive and obscene language. This enumeration of error is without merit.

Appellant Rhoten argues that Troville could not identify him as one of the persons at the gas pumps and, therefore, the evidence is not sufficient to support the verdict. However, Rhoten took the stand and testified he was one of the men at the gas pumps. Our Supreme Court has held that on appeal of the overruling of a motion for a

directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider *all* the evidence in determining whether the trial court erred in overruling the motion. *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975). The evidence was sufficient to establish that the four men used abusive and obscene language, thus meeting the standard of proof required by *Jackson v. Virginia*, 443 U. S 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant Rhoten's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

In view of our decision reversing appellants' convictions of simple assault, we must remand this case for resentencing.

*Judgment affirmed in part; reversed in part and case remanded for resentencing. Banke, C. J., Birdsong, P. J., Carley and Benham, JJ., concur. McMurray, P. J., concurs in the judgment only. Deen, P. J., Pope and Beasley, JJ., dissent.*

DECIDED MARCH 8, 1985.

*William R. Oliver*, for appellants.
*Bruce L. Udolf, District Attorney*, for appellee.

DEEN, Presiding Judge, dissenting.

In Division 2, the majority opinion reverses the appellants' convictions for simple assault. In reaching that result, the majority relies principally on *Johnson v. State*, 158 Ga. App. 432 (280 SE2d 856) (1981), and *Riddle v. State*, 145 Ga. App. 328 (243 SE2d 607) (1978), overruled on other grounds in *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981).

Admittedly, the evidence in the instant case is weaker than that adduced in *Riddle*, wherein the defendant actually stalked his victim with a loaded 12-gauge sawed-off shotgun inside a textile plant. However, I believe the evidence in this case, when construed in favor of upholding the verdict, is stronger than that in *Johnson*, wherein the defendant only raised his hand and said: "We are going to get you." Unlike *Johnson*, there is evidence in this case that at least one victim did feel endangered.

The appellants here blockaded the gas pump area in defiance of the victim's plea for them to move and allow in other customers; they "propositioned" two female customers with obscene language and gestures; two of the defendants started to approach the victim's work station, one with an up-raised arm as if he were going to throw something; they threatened the female attendant, saying: "We will get you, bitch, we will be back"; the defendants, in fact, did not desist and

leave until they realized that the victim had telephoned the police.

In *Rutherford v. State*, 5 Ga. App. 482 (63 SE 570) (1908), the defendant held back a brick in his hand as if he meant to strike the victim, but backed down when the victim placed his hand in his pocket and claimed to have a gun. This court found that evidence "sufficient to authorize the finding of the jury that the defendant apparently intended a present assault upon the person of the prosecutor, and that he was only prevented from immediately carrying out such intention by the counter-menace of the prosecutor and by the interference of a third party." Id.

In the instant case, the above evidence similarly authorized the finding that the appellants had the present intent to assault and that they were prevented from carrying it out by the counter-menace of the victim's telephoning the police. The convictions of the appellants were thus supported by the evidence and should be affirmed. Accordingly, I respectfully dissent.

I am authorized to state that Judge Pope and Judge Beasley join in this dissent.