A92A0388. WELLS v. THE STATE.
(418 SE2d 438)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, with simple assault. The evidence adduced at a bench trial revealed that Sampy Smith ("the victim"), acting as a Liberty County Magistrate, issued a warrant for defendant's arrest on the charge of aggravated assault. Within 48 hours after defendant's arrest, defendant confronted the victim at the entrance of a local variety store and stated: " 'Sampy, I want you to know I'm out of the ___d___n jail. There's plenty of them like you. I'll kick your ___d___n a___.' " The victim responded, " 'Mr. Wells, stay right here and I'll get the Hinesville Police to talk to you. . . .' " The victim then "spun around and went over to the pay phone." Defendant left the scene. The victim then went to the police station and filed a complaint.

The trial court found defendant guilty of simple assault. This appeal followed. *Held*:

In his sole enumeration, defendant challenges the sufficiency of the evidence, arguing that his threat against the victim was justified because the victim first "said he'd 'put [defendant's] damn a___ back in jail.' "

It is for the trier-of-fact to resolve conflicting testimony, not an appellate court. *Seidel v. State*, 197 Ga. App. 14, 15 (1) (397 SE2d 480). See *McBride v. State*, 199 Ga. App. 527, 528 (1) (405 SE2d 345). In the case sub judice, there is conflicting testimony regarding the circumstances of the encounter between defendant and the victim. The victim's testimony does not reveal a threat by the victim against defendant. However, the victim's testimony does authorize a finding that defendant's threat against the victim placed the victim in reasonable apprehension of immediately receiving a violent injury. More specifically, the victim testified that he is "afraid 'of the man" and

that defendant's threat caused him "to be fearful of receiving a violent injury."

Notwithstanding, the dissent would reverse defendant's conviction on the general grounds, reasoning that defendant's face-to-face confrontation with the victim and overt threat of violence against the victim does not constitute a " 'demonstration of violence,' . . . or [show] that [defendant] had a present ability to commit a violent act against Smith, the victim." The dissent also reasons that defendant's confrontation and threat against the victim does not constitute simple assault because the victim's fear of defendant was not "immediate." This logic ignores the evidentiary basis for the victim's testimony that defendant's threat caused him "to be fearful of receiving a violent injury." In this vein, the victim testified that while acting in his capacity as a judicial officer less than 48 hours prior to the incident which forms the basis of the crime charged, he heard evidence establishing probable cause for defendant's arrest for "aggravated assault against a young fellow." More specifically, the victim testified that he issued a warrant for defendant's arrest after the alleged victim of an aggravated assault "came [into court] with a knot on the back of his head and was on his way to the hospital." This testimony, testimony that defendant was aware the victim was the judicial officer responsible for his arrest and evidence of defendant's face-to-face encounter with the victim within 48 hours after defendant's arrest and of defendant's profane threat of physical violence against the victim is sufficient to sustain the trial court's finding that defendant is guilty, beyond a reasonable doubt, of simple assault as defined by OCGA § 16-5-20 (a) (2). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In fact, evidence that defendant's threat caused the victim to retreat to a nearby pay telephone to summon police is sufficient to authorize a finding, beyond a reasonable doubt, that defendant is guilty of simple assault. *Holbrook v. State*, 168 Ga. App. 380, 381 (2) (308 SE2d 869).

*Judgment affirmed. Birdsong, P. J., Carley, P. J., Pope and Andrews, JJ., concur. Beasley and Johnson, JJ., concur specially. Sognier, C. J., and Cooper, J., dissent.*

BEASLEY, Judge, concurring specially.

Defendant was charged with violating OCGA § 16-5-20 without designating which variety of simple assault, and the trial court found him guilty under subsection (a) (2), "[committing] an act which places another in reasonable apprehension of immediately receiving a violent injury."

I agree that the evidence, including some which is not mentioned in the opinion, is sufficient under the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The victim, a schoolteacher and magistrate, knew defendant and was afraid of him to the

extent that he would avoid defendant and not stop at local restaurants if he saw defendant's vehicle there. On this occasion he did not recognize defendant as he was standing outside the store with another man, until he got close enough for defendant to see him.

He stated that the reason he feared defendant was that he had killed someone and that he thought defendant was "crazy" because he "seems to chronically get involved in situations that can be dangerous to other people." His definition of "crazy" was that it applied to "[o]ne who does irrational things repeatedly, that uses violence to achieve their goals repeatedly." He was worried about his violent nature. He knew that defendant had been charged with a bar fight and DUI, although those cases had not yet been tried.

He also knew that he had found probable cause to believe that defendant had just two days earlier committed an aggravated assault and that when defendant's lawyer came to request bond, he had denied it because he believed defendant was under the influence of alcohol and should be sober for the hearing the next morning.

Finally, he testified that when he told defendant to wait for the police, he expected defendant would leave and for that he was grateful because of his fear.

The court was able to observe both the victim and the defendant, who conducted his own defense, and was authorized by all of the circumstances to conclude that defendant's verbal act and demeanor placed the victim "in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2).

I am authorized to state that Judge Johnson joins in this special concurrence.

SOGNIER, Chief Judge, dissenting.

I respectfully dissent.

OCGA § 16-5-20 (a) provides that "[a] person commits the offense of simple assault when he either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." The offense is complete "if there is a demonstration of violence, coupled with an apparent *present* ability to inflict injury so as to cause the [victim] *reasonably* to fear that he will receive an *immediate* violent injury unless he retreats to secure his safety. . . . Even assuming a threat to commit a violent injury upon the person of the victim, without more this is not sufficient to constitute an assault. [Cit.]" *Johnson v. State*, 158 Ga. App. 432, 433 (280 SE2d 856) (1981).

Here, the transcript is devoid of evidence of any actions that either constituted a "demonstration of violence," id., or showed that appellant had a present ability to commit a violent act against Smith,

the victim. There is no evidence that appellant had a weapon or that he approached Smith in a physically threatening manner or otherwise made any attempt to commit a violent act or inflict a violent injury upon Smith. See id.; see also *Hamby v. State*, 173 Ga. App. 750-751 (2) (328 SE2d 224) (1985). I do not agree with the majority's characterization of Smith's actions in ordering appellant to "stay right here" while Smith summoned police as the type of "retreat" that will authorize an inference of fear of violent injury. Indeed, this evidence suggests that Smith, not appellant, was in control of the situation. Compare *Holbrook v. State*, 168 Ga. App. 380, 381 (2) (308 SE2d 869) (1983) (after defendant repeatedly rammed victim's car with his vehicle and sideswiped her car, causing it to make a 180-degree turn, the victim jumped from her car and ran toward a roadside store for assistance); *Hurt v. State*, 158 Ga. App. 722 (282 SE2d 192) (1981) (defendant, who was armed with a shotgun, taunted the victim at the door of the victim's home, causing the victim to go inside the house).

Moreover, even though Smith testified he feared that appellant might locate him later and then inflict harm, "this was not the apprehension of an *immediate* violent injury, but rather of a future injury. Therefore, even though the facts in the accusation were proven by the state and believed by the [court as trier of fact], the same would not authorize a verdict of guilty on the charge of simple assault." *Hudson v. State*, 135 Ga. App. 739, 740-741 (1) (218 SE2d 905) (1975). Accordingly, I conclude the evidence was not sufficient to support the verdict.

I am authorized to state that Judge Cooper joins in this dissent.