S04A1535. LASSIC v. THE STATE.
(606 SE2d 266)

SEARS, Presiding Justice.

Appellant Michael Lassic appeals his convictions for murder and cocaine possession,[1] claiming that his trial counsel was ineffective and that the trial court improperly injected its opinion into proceedings. Finding both claims to be without merit, we affirm.

The evidence of record shows that appellant and Sonya Cleveland were using cocaine one evening at Cleveland's mobile home. When a drug dealer came to the door, an argument ensued about a drug debt Cleveland purportedly owed the dealer. The dealer then departed, leaving appellant alone with Cleveland. The following day, Cleveland's body was discovered in her bed. She had died from multiple blunt force injuries to her head. Appellant's freshly imprinted palm print was found on the wall above the bed. One of appellant's shirts was discovered stuffed into a toilet bowl in the mobile home's bathroom; although stained with blood, the shirt's condition made DNA testing impossible. Cleveland's blood was later

---

[1] The crimes occurred on April 14-15, 2001, and appellant was indicted on June 19, 2001. Appellant's first trial commenced on May 20, 2002, and ended on May 23, 2002, with the declaration of a mistrial. A second trial was held July 15-17, 2002, and appellant was convicted of felony murder, aggravated assault, and cocaine possession. The aggravated assault conviction merged by operation of law and appellant was sentenced to life in prison and a consecutive 15-year term. A new trial motion was filed on August 9, 2002, amended on January 21, 2004, and denied on February 11, 2004. Appellant's notice of appeal was filed on February 27, 2004. The court reporter certified the transcript on April 29, 2004. The appeal was docketed with this Court on May 17, 2004, and submitted for decision on the briefs.

found on another of appellant's shirts found at his home. Post-mortem testing indicated that appellant and Cleveland had engaged in sex on the night of the murder.

At trial, appellant testified that after the drug dealer departed the mobile home, he and Cleveland had a disagreement over the drug debt, and that appellant then left Cleveland's home and went to the home of his cousin, Spears. Appellant claimed that he and Spears then used drugs until late into the night. Spears, however, testified that he did not see appellant until the following afternoon, when Spears arrived home and found appellant sitting on the porch without a shirt.

Appellant testified in his own defense at his first trial, which ended with the declaration of a mistrial. At a second trial held soon thereafter, appellant did not testify, although his testimony from the first trial was read into the record.

1. Construed most favorably to the verdict, the evidence was sufficient for rational triers of fact to conclude that appellant was guilty of the crimes for which he was convicted.[2]

2. During closing statements, defense counsel misstated the evidence by saying that no blood had been found on appellant's clothing. Acting sua sponte, the trial judge dismissed the jury and rebuked counsel. The court then brought the jury back into the courtroom and informed it that proceedings had been interrupted so that counsel could be rebuked privately. The trial court also instructed the jury that counsel may not misstate the evidence and that the jury is obligated to recall evidence from the witness stand, rather than as presented by either attorney during closing statements.

Appellant urges that by these actions, the trial court improperly injected its opinion into the proceedings.[3] We disagree. As stated in OCGA § 17-8-75:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA § 17-8-57.

When counsel makes prejudicial misstatements to the jury concerning matters not in evidence, the trial court has an affirmative duty to follow the dictates of OCGA § 17-8-75.[4] As for the trial court's explanation to the jury about why closing statements had been interrupted and the jury excused, "[the trial] judge's remarks assigning a reason for a ruling are neither an improper expression of opinion nor a comment on the evidence."[5]

Accordingly, we conclude that the trial court's actions in this case were appropriate and that it did not erroneously comment on the evidence.

3. Contrary to appellant's argument, we conclude trial counsel was not ineffective. In order to establish that trial counsel was ineffective, appellant must show that counsel's performance was deficient and that, were it not for counsel's errors, there is a reasonable probability that the trial's outcome would have been different.[6] Appellant claims that counsel should have sought to impeach Spears with reference to appellant's allegation that the two had used drugs together, which (if true) would have constituted a violation of Spears's probation for a prior felony conviction. Appellant claims the failure to impeach Spears harmed the defense because Spears directly refuted appellant's claim of alibi.

"Deciding . . . whether and how to conduct cross-examination [is a] strategic and tactical decision[ ] within the exclusive province of the attorney after consultation with the client."[7] At appellant's new trial hearing, trial counsel testified that he interviewed Spears before trial and determined that Spears was adamant about his recollection of events and was not a potential alibi witness since he was not with appellant at the time Cleveland was killed. Counsel also was concerned that any effort to impeach Spears might have been perceived by the jury as an attempt to inject matters into the trial that were only tangentially relevant to the issues being tried, which counsel believed would have reflected poorly on the defense. Accordingly, we conclude that counsel's decision not to impeach Spears was a reasonable tactical decision, and does not support a claim of ineffectiveness.[8]

---

[4] *Fincher v. State*, 276 Ga. 480 (578 SE2d 102) (2003).

[5] *McClain v. State*, 267 Ga. 378, 384 (3) (b) (477 SE2d 814) (1996).

[6] See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Myers v. State*, 275 Ga. 709, 714 (4) (572 SE2d 606) (2002), citing *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360) (1993).

[8] See *Simpson v. State*, 277 Ga. 356 (589 SE2d 90) (2003). Moreover, we do not believe the failure to impeach Spears was harmful to appellant's defense, as Spears's testimony was corroborated by the testimony of his girlfriend, Edwards.

Similarly, counsel's advice that appellant not testify at his second trial was tactical in nature, based upon reasoning that since appellant's testimony from his first trial was read into the record at the second trial, there was nothing to be gained from having him repeat the same testimony.[9]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Ingrid D. Polite*, for appellant.

*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Kathryn O. Fallin, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.

---

[9] The record does not support appellant's claim that counsel prevented him from testifying.