A06A0384. WROGE v. THE STATE.
(629 SE2d 596)

MILLER, Judge.

Following a bench trial, William James Wroge was convicted of one count of simple assault. Wroge appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. Discerning no error, we affirm.

1. Wroge contends that the evidence was insufficient to sustain his conviction. We disagree.

On appeal from a criminal conviction, "we view the evidence in the light most favorable to the verdict, and the defendant no longer

---

enjoys the presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citations omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005). "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Citation and punctuation omitted.) *Taylor v. State*, 267 Ga. App. 588, 590 (600 SE2d 675) (2004).

Viewed in the light most favorable to the jury's verdict, the evidence shows that Wroge and his wife were separated at the time of the incident. The couple's daughter had been visiting Wroge, and Wroge agreed to meet his wife at a local McDonald's to return the child to her. Wroge's wife asked her sister-in-law, Donna Davis, to come along because she feared meeting Wroge alone. As the two departed by car, she told Davis that the last thing Wroge told her over the phone was, "I'm going to do whatever it takes to get [Davis] out of my daughter's life." Davis had earlier overheard a telephone message in which Wroge had threatened, "Get her out, get her out or I'm going to destroy [Davis] and her family."

When the Wroges' meeting ended, Davis was seated in the front passenger seat of the car, and the Wroges' daughter had gotten into the back seat. Wroge and his wife were standing outside the car, and they began to argue. Davis opened her door to ask Wroge to lower his voice because the child had begun to cry uncontrollably. Angered, Wroge "came after [Davis]." As Davis backed away into the driver's seat, Wroge slammed her door shut, yelling "Stay out of it." Wroge then walked to his car, drove around the parking lot, and returned. Davis believed that Wroge intended to harm her and told him she was calling the police. Wroge then left the scene.

"A person commits the crime of simple assault when he or she . . . [c]ommits an act which places another [person] in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2); *Johnson v. State*, 158 Ga. App. 432, 433 (280 SE2d 856) (1981). Wroge argues that the evidence was insufficient to prove simple assault in that the State failed to present any evidence showing that he intended to commit the offense. This argument is without merit.

> The focus of a reasonable apprehension of harm . . . under OCGA § 16-5-20 (a) (2), is on the apprehension of the victim. There is no specific intent requirement in the statute, which would indicate that only an intent to commit the act which in fact places another in reasonable apprehension of injury is required, not a specific intent to cause such apprehension.

*Maynor v. State*, 257 Ga. App. 151, 154 (570 SE2d 428) (2002). That Davis reasonably apprehended immediate violent injury is established by the evidence.

Given the foregoing, the evidence was sufficient for a rational trier of fact to find Wroge guilty beyond a reasonable doubt of simple assault. OCGA § 16-5-20 (a) (2).

2. Wroge also contends that he was denied effective assistance of counsel because his trial counsel advised him to waive a jury trial and not to testify on his own behalf. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) deficient performance of trial counsel, and (2) that the deficiency was prejudicial to his or her defense. *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). Unless clearly erroneous, this Court will not disturb a trial judge's findings as to deficient performance or prejudice to the defendant. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001). "[I]n evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation and footnote omitted.) *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999). "We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result." (Footnote omitted.) *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

At the motion for new trial hearing, Wroge's trial counsel testified that he had discussed the advantages and disadvantages of waiving a jury trial in favor of a bench trial with Wroge; that he had discussed the potential for juror bias in a family violence case such as Wroge's; and that he filed Wroge's waiver of jury trial form with Wroge's understanding and consent. Under these circumstances, the trial court did not err in concluding that Wroge failed to carry his burden of showing that his counsel's performance was deficient for advising him to pursue a bench trial rather than a jury trial. See *Marshall v. State*, 253 Ga. App. 645, 646 (560 SE2d 118) (2002) (counsel's advice that a bench trial would be preferable to a jury trial fell within the wide range of reasonable professional assistance).

Further, Wroge argues that he was denied effective assistance of counsel in that he was not allowed to testify at trial. At the motion for new trial hearing, trial counsel testified that he and Wroge discussed the question whether Wroge should testify at trial. Trial counsel testified that Wroge made the decision not to testify at the close of the State's case after he advised him that his testimony was unnecessary. Only after the verdict did Wroge express the view that he should have testified.

Under these circumstances, evidence supports the conclusion that trial counsel's advice to Wroge was tactical in nature. Consequently, trial counsel was not ineffective on this account. See, e.g., *Lassic v. State*, 278 Ga. 701, 704 (3), n. 9 (606 SE2d 266) (2004).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 12, 2006.

*H. Bradford Morris, Jr., Larry L. Duttweiler*, for appellant.

*Lee Darragh, District Attorney, Kathleen J. Devine, Assistant District Attorney*, for appellee.