A09A1577. DANIELS v. THE STATE.
(681 SE2d 642)

MIKELL, Judge.

After an altercation that took place at a public school, Glynn Daniels was charged by accusation with loitering on school property; disrupting a public school; upbraiding, insulting, or abusing public school teachers; and simple assault. He was found guilty by a jury of simple assault and was acquitted of the other charges. His motion for new trial was denied, and he appeals, challenging the sufficiency of the evidence. We affirm.

On appellate review of a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.[2]

So viewed, the record reflects that Daniels accompanied his daughter to a meeting at Oakland Elementary School in Henry County, where his granddaughter attended fourth grade. The school principal had set up the conference in order to address concerns about the granddaughter's declining grades and about her safety at the school. The principal, the child's teacher, and Melonie W. Harrell, the assistant principal, attended the meeting with Daniels and his daughter. Harrell had not met Daniels prior to this time. In the course of the conference, Daniels "lash[ed] out" in "a tirade" directed at the child's teacher, Angelika Lindsey, accusing her of being "the problem here" and accusing her of being "out to get his granddaughter." When the situation "just kept on getting worse," Harrell dismissed Lindsey from the meeting and told Daniels that the conference had ended and would be rescheduled for another time. She then asked Daniels several times to leave. Harrell then approached the door of the conference room, but Daniels prevented her from leaving the area by continually moving beside her or in front of her, getting within an inch of her face, while shouting at her, "Where are you running to? Look at you run. Where are you going?" Harrell testified that Daniels was "threatening, right in my face,

---

[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[2] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that close"; that she did not know if Daniels might be armed; and that his behavior, including his body language, his tone, and his blocking of her movements, caused her to feel threatened and to fear that she was about to be injured, so she called 911.

Another teacher, Laura Wise, who did not take part in the conference, testified at trial that she saw Daniels standing "[m]aybe less" than a foot away from Harrell's face for five to ten minutes, while Harrell repeatedly asked him, "Sir, please leave"; and that Daniels told Harrell that he was not finished with her and that he was going to be back. Because Daniels "seemed so agitated and angry," as shown by the volume of his voice and his physical position in relation to Harrell, Wise became concerned for Harrell's safety, and she called 911 as well.

A person commits the offense of simple assault when he or she "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[3] This offense "is complete if there is a demonstration of violence, coupled with an apparent present ability to inflict injury so as to cause the person against whom it is directed reasonably to fear that he will receive an immediate violent injury unless he retreats to secure his safety."[4] Moreover, "assault is an attempted battery, so the state must show that the defendant made a 'substantial step' toward committing the battery."[5] Daniels challenges the sufficiency of the evidence adduced at trial to support his conviction for simple assault on Harrell, contending that the evidence does not show any threat of immediate harm against Harrell; that it does not show a "substantial step" toward the commission of a battery against Harrell; and that it does not show any offer of violence against Harrell.

Contrary to Daniels's contention, the offense of simple assault does not require that the defendant make a statement specifically threatening immediate harm; such a threat can be conveyed, and was conveyed in the case at hand, by the defendant's actions.[6] Here, Daniels shouted at Harrell in an agitated and angry manner, while standing in close proximity to her and blocking her movement in a narrow hall. These actions constituted a "demonstration of vio-lence" sufficient to authorize the jury to find that Daniels had

---

[3] OCGA § 16-5-20 (a) (2).

[4] (Punctuation and footnote omitted.) *In the Interest of D. B.*, 284 Ga. App. 445, 447 (1) (644 SE2d 305) (2007).

[5] (Footnote omitted.) Id.

[6] See *Wroge v. State*, 278 Ga. App. 753, 754 (1) (629 SE2d 596) (2006) (defendant "came after" victim in parking lot and slammed victim's car door); *Johnson v. State*, 260 Ga. App. 413, 414 (1) (579 SE2d 809) (2003) (defendant followed victim in his vehicle, yelling at her and impeding her movements).

committed a "substantial step" toward the commission of a battery upon Harrell.[7] Further, clearly Daniels had "an apparent present ability to inflict injury," in light of the fact that he was standing only inches from his victim's face.[8] Harrell testified that she feared Daniels might harm her, and eyewitnesses also testified that they feared for Harrell's safety.[9] Further, Harrell's fear is demonstrated not only by her testimony as to her mental state, but also by the fact that she was trying to escape Daniels's immediate presence, but was prevented from doing so by Daniels's actions.[10]

> The focus of a reasonable apprehension of harm under OCGA § 16-5-20 (a) (2), is on the apprehension of the victim. There is no specific intent requirement in the statute, which would indicate that only an intent to commit the act which in fact places another in reasonable apprehension of injury is required, not a specific intent to cause such apprehension.[11]

The testimony adduced at trial was sufficient to authorize the jury to find that Harrell feared she would receive an "immediate violent injury" and that her fear was reasonable.[12]

Daniels's reliance on *In the Interest of C. S.*[13] and *Johnson v. State*[14] is misplaced. In *In the Interest of C. S.*, the evidence showed that the defendant did not "commit an act" within the meaning of OCGA § 16-5-20 (a) (2).[15] In *Johnson*, the element of "present ability to inflict harm" was lacking, because the victim was in an automobile driving slowly past the defendant, who was five feet away from the victim's vehicle.[16] Both these elements are, however, present in the case at bar.

---

[7] See *In the Interest of D. B.*, supra at 447-448 (1) (defendant removed outer clothing and squared off against victim in confined office space).

[8] See *Bostic v. State*, 289 Ga. App. 195, 197 (656 SE2d 546) (2008) (police officer standing in front of car reasonably feared harm from defendant in car who stared at officer while revving his engine); *Lewis v. State*, 253 Ga. App. 578, 581 (560 SE2d 73) (2002) (rational factfinder could find "substantial step" toward harming victims where defendant made threats against victims while standing only inches away from them).

[9] See *Wroge*, supra.

[10] See *Hurt v. State*, 158 Ga. App. 722, 724 (282 SE2d 192) (1981) (victim's apprehension caused him to seek sanctuary in dwelling). Accord *Bearden v. State*, 291 Ga. App. 805, 807 (662 SE2d 736) (2008) (victim retreated to bedroom).

[11] (Citation and punctuation omitted.) *Wroge*, supra.

[12] See *Bearden*, supra.

[13] 251 Ga. App. 411 (554 SE2d 558) (2001).

[14] 158 Ga. App. 432 (280 SE2d 856) (1981).

[15] *In the Interest of C. S.*, supra at 411, 413 (defendant remained motionless, while holding knife down at her side).

[16] *Johnson*, supra, 158 Ga. App. at 432-433.

YALE LAW LIBRARY

We conclude that a rational trier of fact could have found that a substantial step had been taken toward harming Harrell, that the victim had a reasonable apprehension of receiving immediate physical injury, and that a reasonable person would have felt the need to retreat in order to avoid receiving such injury.[17] We therefore affirm the judgment of the trial court.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 6, 2009.

*Lister & Holt, Robert J. Smyly*, for appellant.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.