708 S.E.2d 550 (2011)
In the Interest of D.M., a child.
No. A10A2353.
Court of Appeals of Georgia.
March 21, 2011.
*551 Ford & Harrison, Stephen Michael Reba, Sarah Lyn Fuson, Atlanta, for appellant.
Gwendolyn Keyes Fleming, Dist. Atty., Margaret Smothers Robinson, Sherá Craig Grant, Asst. Dist. Attys., for appellee.
MILLER, Presiding Judge.
A juvenile court adjudicated D.M., age 15, delinquent for acts which, if committed by an adult, would have constituted aggravated assault (OCGA § 16-5-21(a)(1)). D.M. appeals, contending that the evidence was insufficient to support his adjudication of aggravated assault and that his trial counsel was ineffective. Finding that the evidence was insufficient to support D.M.'s adjudication of aggravated assault but sufficient to support an adjudication of the lesser included offense of simple battery, we vacate the judgment and remand.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.
*552 (Footnote omitted.) In the Interest of M.C.A., 263 Ga.App. 770, 589 S.E.2d 331 (2003).
So viewed, the evidence shows that D.M. and the victim, D.B., were both students at Clarkston High School. On January 30, 2009, D.M. approached D.B. in the hallway, stuck his hands in D.B.'s pockets, and said, "What's in them pockets?" D.B., who was not previously acquainted with D.M., was "scared" and did not resist or fight back. D.B. later explained that he was scared that D.M. would take his cell phone, MP3 player, and money, which were in his pocket. While D.B. told D.M. "to get his hands out of my pockets; [D.M.] still wouldn't." A few minutes later, D.M. walked away without taking anything.
The victim immediately reported the incident to a security officer at the school and identified D.M. as his assailant. The security officer testified that the victim was upset and "almost in tears."
At the adjudicatory hearing, D.B. was questioned about the details of the incident, D.M.'s conduct, and his own reaction. D.B. testified as follows:
Q: Did you ask anybody to stop?
A: No, ma'am.
Q: Did you, ah, scream for help?
A: No, ma'am.
. . .
Q: And ... he didn't threaten you with violence, did he?
A: No, ma'am.
Q: Okay. He didn't make any gestures towards you, lift his fists or anything like that?
A: No, ma'am.
Q: He didn't threaten you, verbally? I'm going to do so and so to you?
A: No, ma'am.
Q: Okay. You didn't see any weapons, did you?
A: No, ma'am.
Q: And you didn't push him away?
A: No, ma'am.
Other than putting his hands into his pockets, D.B. testified, "[D.M.] didn't touch me."
1. D.M. argues that the evidence was insufficient to support his adjudication of delinquency for aggravated assault because the State failed to prove that he placed the victim in reasonable apprehension of immediately receiving a violent injury. We agree.
(a) Here, the delinquency petition charged D.M. with the offense of aggravated assault in that D.M. "did make an assault upon the person of [D.B.] with the intent to then and there rob said victim, by demanding the victim's money and MP3 player and reaching into his pockets searching for his property."
Under Georgia law, a person commits the offense of aggravated assault with the intent to rob when he assaults with the intent to rob. OCGA § 16-5-21(a)(1). "Central to the offense of aggravated assault is that an assault as defined in OCGA § 16-5-20 be committed on the victim." (Citations and punctuation omitted.) Chase v. State, 277 Ga. 636, 637(1), 592 S.E.2d 656 (2004). Under OCGA § 16-5-20, "[a] person commits the offense of simple assault when he or she either: (1)[a]ttempts to commit a violent injury to the person of another; or (2)[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." An assault under OCGA § 16-5-20(a)(2) is complete "if the assailant has made such a demonstration of violence, coupled with an apparent ability to inflict injury so as to cause the person against whom it is directed reasonably to fear the injury unless he retreats to secure his safety." (Citations and punctuation omitted.) Bearden v. State, 291 Ga.App. 805, 806-807, 662 S.E.2d 736 (2008).
Here, the evidence is insufficient to show that D.M. assaulted D.B. by "attempt[ing] to commit a violent injury to the person of another." OCGA § 16-5-20(a)(1). Since an assault is an attempted battery, "the state must show that [D.M.] made a `substantial step' toward committing the battery." (Punctuation and footnote omitted.) In the Interest of D.B., 284 Ga.App. 445, 447(1), 644 S.E.2d 305 (2007). See also OCGA § 16-5-23.1(a) ("A person commits the offense of battery when he or she intentionally causes *553 substantial physical harm or visible bodily harm to another."). Significantly, there is no evidence that D.M. displayed a weapon or other object that might have been used to inflict a violent injury upon D.B. Compare Williams v. State, 299 Ga.App. 345, 347, 682 S.E.2d 586 (2009) (presence of knife in defendant's hand, coupled with victim's actions after observing the knife, sufficed to show that the victim was placed in reasonable apprehension of an imminent violent injury). Nor is there any evidence that D.M. demonstrated violence through physical acts or gestures, such as raising his fist at D.B., as if to hit him. Compare In the Interest of D.B., supra, 284 Ga.App. at 446, 644 S.E.2d 305 (simple assault was shown based on evidence that juvenile took off his sweatshirt and his watch, emptied his pockets, squared his shoulders, balled up his fists as if to strike the victim, and asked the victim when they were confined in a room, "Now what are you going to do?"). Further, there is no evidence that D.M. demonstrated violence through verbal threats such that D.B. would reasonably fear injury unless he retreated to secure his safety. Compare Lewis v. State, 253 Ga.App. 578, 581, 560 S.E.2d 73 (2002) (before defendant left the scene, he threatened to harm and kill the victims while standing only inches away from them). And other than intruding into the victim's pockets, D.M. did not touch the victim.
Nor, as D.M. claims, was the evidence sufficient to show that he assaulted D.B. by "[c]ommit[ing] an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20(a)(2). "The focus of a reasonable apprehension of harm ... under OCGA § 16-5-20(a)(2), is on the apprehension of the victim." Maynor v. State, 257 Ga.App. 151, 154, 570 S.E.2d 428 (2002). Although the State contends that D.B.'s testimony that he was scared during the incident was sufficient to show that he had been placed in reasonable apprehension of receiving a violent injury, we have routinely held that "[r]easonable apprehension of injury is not the same as simple fear[.]" (Citations and punctuation omitted.) Bates v. State, 275 Ga. 862, 865(4), 572 S.E.2d 550 (2002). Here, D.B.'s fear was based on a concern that D.M. would take his personal property, not an apprehension of injury.
We likewise reject the State's assertion that D.B.'s reasonable apprehension of imminent injury was shown by his testimony that he did not want to fight. During direct examination, when asked why he did not fight back, D.B. simply explained that he "[did not] want to fight and it was during school" and that he was not a "fighter." Such testimony is insufficient to show the required fear of imminent injury.
Absent any evidence that D.M.'s act of putting his hands in the victim's pockets was a forcible act or accompanied by an angry or threatening demeanor such as to convey the potential for imminent harm, the State failed to show a demonstration of violence, coupled with an apparent present ability to inflict injury upon D.B., necessary to complete a simple assault under OCGA § 16-5-20(a)(2). See Bearden, supra, 291 Ga.App. at 806-807, 662 S.E.2d 736 ("Th[e] offense [of simple assault] is complete if the assailant has made such a demonstration of violence, coupled with an apparent ability to inflict injury so as to cause the person against whom it is directed reasonably to fear the injury unless he retreats to secure his safety.") (Citations and punctuation omitted.) Lawson v. State, 275 Ga.App. 334, 338, 620 S.E.2d 600 (2005).
It thus follows that the evidence was insufficient to show that D.M. committed acts, which, if committed by an adult, would have constituted aggravated assault with the intent to rob. OCGA § 16-5-21(a)(1); see Johnson v. State, 158 Ga.App. 432, 432-433, 280 S.E.2d 856 (1981) (evidence that defendant raised his hand and shook his finger at the victim while saying, "We are going to get you," was insufficient to establish that defendant had present ability to inflict a violent injury as he was not within arm's length of the victim and made no overtly threatening gesture with any observable weapon). Compare Daniels v. State, 298 Ga.App. 736, 737-738, 681 S.E.2d 642 (2009) (defendant's conduct of shouting at victim in an agitated and angry manner, while standing in close proximity to her and blocking her movement in a narrow hall constituted a demonstration of violence and an apparent present ability to *554 inflict injury); In the Interest of D.B., supra, 284 Ga.App. at 447-448(1), 644 S.E.2d 305.
(b) Here, the evidence was sufficient to find D.M. delinquent of the lesser included offense of simple battery. During closing argument, D.M.'s counsel argued that the evidence was insufficient to prove the delinquent act of aggravated assault, but if the juvenile court concluded that the incident occurred, he requested that it find D.M. "guilty of ... battery for going in [the victim's] pockets."
"A person commits the offense of simple battery when he ... [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another." OCGA § 16-5-23(a)(1). Here, D.M.'s act of placing his hands in the victim's pockets despite the victim's protests to remove his hands was a prohibited act under OCGA § 16-5-23(a)(1). See Lawson v. State, 274 Ga. 866, 867(2), 561 S.E.2d 72 (2002) ("simple battery encompasses all forms of prohibited contact and is not limited like battery to contact that causes substantial or visible harm").
In light of the foregoing, we vacate the juvenile court's judgment and remand the case with direction that an adjudication of delinquency and a disposition be entered against D.M. for committing an act which would have supported an adjudication for the misdemeanor offense of simple battery. See OCGA § 16-5-23(b); In the Interest of J. S., 296 Ga.App. 144, 151(3), 673 S.E.2d 645 (2009).
2. D.M. further contends that his trial counsel was ineffective in that she was unprepared for trial.[1] Specifically, he argues that trial counsel failed to investigate and present testimony from an investigator and the victim's friend, T.T., who allegedly would have contradicted the victim's description of the incident at trial.
To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. In Strickland v. Washington, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] the U.S. Supreme Court stated that the question of ineffectiveness, including both the performance and prejudice prongs, is a mixed question of law and fact.... [W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.
(Punctuation and footnotes omitted.) Suggs v. State, 272 Ga. 85, 87-88(4), 526 S.E.2d 347 (2000). Applying these principles, we conclude that D.M. failed to establish his ineffectiveness claim in this case.
At the motion for new trial hearing, the only evidence introduced in support of the ineffectiveness claim was the testimony of D.M.'s trial counsel. Trial counsel testified that an investigator had spoken to the victim twice prior to trial and that the victim's trial testimony describing the incident differed from his account given to the investigator. Trial counsel also testified that she was aware that the victim's friend, T.T., had been present during the encounter and that T.T.'s perception of the incident would have been relevant to the case. Trial counsel stated that she failed to further inquire or call the investigator and T.T. as trial witnesses because she did not expect to be on trial at that time.
Significantly, however, the investigator and T.T. did not testify at the hearing, and D.M. failed to introduce any legally recognized substitute for their testimony to show that it would have been relevant and favorable to his defense. To the extent that D.M. relied upon trial counsel's testimony to establish the investigator's and T.T.'s expected statements and to prove that trial counsel's performance was deficient for failing to explore their testimony, such evidence was hearsay and had no probative value. See Dickens v. State, 280 Ga. 320, 322-323(2), 627 S.E.2d 587 (2006) (defendant cannot use his counsel's testimony about what an uncalled witness *555 had been expected to say in order to establish the truth of that uncalled witness's testimony, because such evidence is hearsay). Nor did D.M. make a proffer of either witness's testimony at the hearing to support his claims. Consequently, D.M. failed to make "an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." (Citations and punctuation omitted.) Mahoney v. State, 296 Ga.App. 570, 572(2)(c), 675 S.E.2d 285 (2009). As a result, ineffective assistance of counsel has not been shown. Dickens, supra, 280 Ga. at 322-323(2), 627 S.E.2d 587.
Judgment vacated and case remanded with direction.
PHIPPS, P.J., and McFADDEN, J., concur.
NOTES
[1] Notwithstanding our reversal of the adjudication for the aggravated assault offense, we consider D.M.'s ineffective assistance claim to the extent that it would affect our conclusion in Division 1 (b) above that an adjudication of delinquency can be entered for the offense of simple battery.